IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 10-cr-00197-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARRELL STOFFELS,

    Defendant.

---

**ORDER REGARDING THE GOVERNMENT'S INTENT
TO USE RULE 404(B) EVIDENCE**

---

The matter is before the Court on the Government's Notice of Intention to Offer Evidence Pursuant to Rule 404(b) of the Federal Rules of Evidence (Doc. # 22).

### I. BACKGROUND

On May 12, 2010, Defendant was charged in a superceding information with three counts of willful failure to file a tax return – one each for tax years 2003, 2004, and 2005 – in violation of 26 U.S.C. § 7203.[1]  (Doc. # 21.)  To win, the Government must prove three elements beyond a reasonable doubt:  (1) That Defendant was required to file an income tax return for the year charged in each count of the Information; (2) that

---

[1] Section 7203 reads in part: "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution. . . ."

he failed to file an income tax return for the year in question; and (3) that he acted willfully, that is, with the voluntary intent to violate a known legal duty. *United States v. Harting*, 879 F.2d 765, 766-67 (10th Cir. 1989).

Of these, the Government avers that the third element – whether Defendant acted willfully – will be the central issue at trial. (Doc. # 30 at 5.)

On May 14, 2010, the Government filed notice, pursuant to Fed. R. Evid. 404(b), of its intent to use "other acts" evidence to prove these charges. (Doc. # 22.) The evidence mostly targets the third element: "willfulness." The evidence is as follows:

- Defendant's personal federal tax filing history for the years 1979-2002, 2006-2009. In 1979, Def did file a tax return. In 1984, he filed for an extension. In the other years, he did not file a return.

- Defendant's personal state tax filing history for years 2003-2005, during which he did not file income tax returns.

- Evidence that federal tax returns have never been filed for Defendant's business: Life Enhancement Health Ministry.

- Defendant's use of someone else's social security number in a 1999 mortgage transaction.

- Defendant's use of someone else's social security number in opening a business checking account with Wells Fargo in 2003.

- Evidence regarding a credit application Defendant completed to buy a Ford Truck in 2004, on which he stated he was self-employed, had been for 15 years, and earned a gross monthly salary of $25,000.

- Evidence regarding a credit application Defendant completed to lease a new Lexus, on which he stated he was owner of a business, had been for 16 years, and earned a gross monthly salary of $25,000.
- Evidence that Defendant filed a civil law suit premised on the charges in this case.

The Government requests that the Court rule that each of the proffered items are admissible. (Doc. # 22 at 17.)

## II. DISCUSSION

### A. LEGAL STANDARD

"Rule 404(b) only applies to evidence of acts extrinsic to the crime charged." *United States v. Arney*, 248 F.3d 984, 992 (10th Cir. 2001) (citation omitted). "Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged." *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (citation omitted). "Generally speaking, intrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Id.*

If the "other acts" evidence is extrinsic to the crimes charged, its admission is governed by a four-prong test, as set forth in *Huddleston v. United States*, 485 U.S. 681 (1988).[2] This test requires consideration of the following factors: (1) that the evidence be offered for a proper purpose under 404(b); (2) that the evidence is relevant under Rule 402; (3) the probative value of the evidence must not be substantially outweighed

---

[2] *See also, e.g., United States v. Youts*, 229 F.3d 1312, 1319-20 (10th Cir. 2000).

by the potential for unfair prejudice; and (4) the trial court shall, upon request, instruct the jury that the evidence is to be considered only for the proper purpose for which it was admitted. *Id.*

**B.    ANALYSIS**

Under Fed. R. Evid. 404(b), the Defendant, upon his request,[3] is entitled to notice of the Government's intent to offer "other acts" evidence. Although Defendant never requested such notice, the Government nevertheless provided it. And though he is now on notice of the Government's intent to use this evidence, Defendant has wholly ignored it.[4] He has neither objected nor otherwise responded to this notice. Under other circumstances, the Court would normally treat this non-response as a concession that Defendant does not oppose the Government's intent to use this evidence. However, Defendant in this case has refused the appointment of an attorney and is proceeding *pro se*; therefore, the Court has other considerations to bear in mind.

The Court has an independent duty to assure the fairness of trials–within reason. The Court, for example, cannot advocate on behalf of Defendant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). He should be and will be treated as if represented by counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). But the Court must be mindful of its duty to assure a fair trial and to maintain the integrity of judicial

---

[3]  Fed. R. Evid. 404(b)("Evidence of other crimes, wrongs, or acts . . . may . . . be admissible . . . provided that **upon request by the accused**, the prosecution in a criminal case shall provide reasonable notice in advance of trial, . . . of the general nature of any such evidence it intends to introduce at trial.") (emphasis added).

[4]  Indeed, Defendant's filings have essentially been limited to one issue: whether the Court has jurisdiction. He has contended from the outset that the Court does not have jurisdiction and thus cannot proceed against him. The Court sees it differently, and at the *Faretta* hearing – after determining that Defendant was competent to proceed without counsel – it ruled that it did have jurisdiction to hear this matter. (Doc. # 19 at 23-25.)

proceedings. *McNabb v. United States*, 318 U.S. 332, 340 (1943) ("Judicial supervision of the administration of criminal justice in the federal courts implies the duty of establishing and maintaining civilized standards of procedure and evidence.") (superceded by statute); *Baker v. Hudspeth*, 129 F.2d 779, 781 (10th Cir. 1942) ("There is no right more sacred to our institutions of government than the right to a public trial by a fair and impartial jury; no wrong more grievous than its denial, and no greater duty is enjoined upon the courts than to preserve that right untarnished and undefiled.") These principles underscore an appellate court's "plain error" standard of review, applicable when considering arguments on appeal for which no objection was logged at trial. *See* Fed. R. Crim. P. 52(b)*; Johnson v. United States*, 520 U.S. 461, 466-67 (1997)*; United States v. Atkinson*, 297 U.S. 157, 160 (1936) ("In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings."). Accordingly, despite Defendant's lack of objection, the Court, observing its duty to assure a fair trial, will evaluate the Government's proffer to determine whether this evidence is admissible. The Court finds as follows.

    1.    <u>Defendant's Federal Tax Filing History</u>

Evidence of Defendant's federal tax filing history is extrinsic to the crimes charged. As to tax years 1979 and 1984, the Government may introduce evidence that Defendant filed a tax return in 1979 and that he requested an extension in 1984. This evidence is offered to prove, and is probative of, element number three: willfulness. That is, if Defendant previously filed a return (and requested an extension another year), then it follows that he knew he was required to file a return. Therefore, his later

5

failure to do so in 2003, 2004 and 2005 was willful, that is, with the voluntary intent to violate a known legal duty.

This Court is aware of the holding in *United States v. Fingado*, 934 F.2d 1163, 1165-66 (10th Cir. 1991), in which the Tenth Circuit upheld the trial court's admission of evidence that the Defendant had failed to file tax returns in years other than those for which he was being prosecuted on the basis that such evidence complied with all four *Huddleston* requirements. However, in this case, the Court finds that although evidence that Defendant failed to file federal tax returns for the years 1980-2002 and 2006-2009 is offered for a proper purpose and probative of the issue of willfulness, the probative value of such evidence is substantially outweighed by its potential for unfair prejudice. If admitted, such evidence may influence the jury to convict Defendant not because of his willful failure to file tax returns for the years 2003, 2004 and 2005, but rather because Defendant never (or rarely) files a tax return. Accordingly, with the exceptions for tax years 1979, 1984, 2003, 2004 and 2005, evidence of Defendant's personal federal tax filing history will not be allowed.

    2.    <u>Defendant's Statements on Credit Applications</u>

The Court finds that Defendant's statements on the two at-issue credit applications are extrinsic to the crimes charged. Nevertheless, the Government may introduce evidence regarding the two credit applications. This evidence is probative of Defendant's income levels during the at-issue years and thus goes toward proving element number one: that Defendant was required to file tax returns for tax years 2003-2005.

### 3. Defendant's Failure to File State Tax Returns for Tax Years 2003-2005

The Government argues that evidence of Defendant's failure to file state tax returns in the years 2003, 2004 and 2005, is admissible to show willfulness, knowledge, intent, and lack of mistake or accident. (Doc. # 22 at 7.) If Defendant presents a theory of defense that the reason he did not file federal tax returns is because he is a citizen of Colorado, not the United States, the Government may offer this evidence in rebuttal, i.e., if Defendant's defense of his failure to file federal tax returns is based on his lack of U.S. citizenship, then one would expect him to file a tax return where he is a citizen: Colorado.

### 4. Defendant's Failure to File Federal Tax Returns of Life Enhancement Resources Health Ministry for Tax Years 2003-2005

Similarly, the Government argues that evidence of Defendant's failure to file Federal Tax Returns on behalf of Life Enhancement Resources Health Ministry for Tax Years 2003, 2004 and 2005 is admissible to show willfulness, knowledge, intent, and lack of mistake or accident. If Defendant presents a theory of defense that the reason he did not file federal tax returns is because he had a good faith belief that the income for tax years 2003, 2004 and 2005 belonged to his company, not him, the Government may offer this evidence in rebuttal. That is, if Defendant mistakenly thought the income belonged to Life Enhancement Resource Health Ministry, one would expect him to file tax returns on behalf of that entity.

### 5. Defendant's Use of False Social Security Numbers

The Court now considers the question whether the Government may introduce evidence showing that Defendant used another person's social security number (a) in a 1999 mortgage transaction and (b) in opening a checking account at Wells Fargo in

7

2003. The Government argues that this evidence shows that Defendant (a) was aware of his tax obligations, i.e, he was trying to hide the fact he was paying mortgage interest – which given the at-issue amounts would have suggested a high income – by using a different social security number; and (b) that he acted willfully in disregarding those obligations. (Doc. # 22 at 11-12.) With respect to the 1999 mortgage transaction, the Court finds that this evidence is not sufficiently relevant to or probative of the issues of willfulness, knowledge, intent, and lack of mistake or accident with respect to the Defendant's failure to file federal tax returns in 2003, 2004 and 2005. Regardless of the probative value of this evidence, the Court finds that its value is substantially outweighed by the potential for unfair prejudice. For example, the jury might use this evidence to convict Defendant for being deceptive or fraudulent, *i.e.*, for his character, rather than convicting him for committing the charged offenses. Accordingly, the Government may not use evidence showing that Defendant used another person's social security number on the 1999 mortgage transaction.

The second line of evidence the Government wishes to offer relates to Defendant's use of a social security number belonging to someone else to open up of a business checking account at Wells Fargo in April of 2003. Because Defendant deposited the receipts from his nutritional supplements business into this account, this evidence is relevant to and probative of the issues of willfulness, knowledge, intent, and lack of mistake or accident with respect to the Defendant's failure to file federal tax returns in 2003, 2004 and 2005. In addition, the probative value of this evidence outweighs any potential for unfair prejudice. Accordingly, the Government may introduce evidence showing that Defendant used another person's social security

8

number to open up a bank account at Wells Fargo into which he deposited the proceeds of his nutritional supplements business.

6. Defendant's Civil Lawsuit

Finally, the Government may not introduce evidence showing that Defendant filed a federal lawsuit as a result of this prosecution. Evidence of this filing is not probative of any issues relevant to this prosecution. Even assuming *arguendo* that this evidence has some probative value, such limited probative value is substantially outweighed by the potential for unfair prejudice.

### III. CONCLUSION

Accordingly, as discussed above, the Court GRANTS IN PART AND DENIES IN PART the Government's motion to rule that its "other acts" evidence is admissible.

DATED: June  21 , 2010

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge