## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 10-cr-00197-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARRELL STOFFELS,

    Defendant.

_____

### GOVERNMENT'S SENTENCING POSITION
_____

The United States of America, by Assistant United States Attorneys Pegeen D. Rhyne and Tonya S. Andrews, hereby files the government's sentencing position.

### Loss Calculation

At trial, IRS Revenue Agent ("RA") Denise Smith testified that she examined defendant Stoffels's bank records and credit card statements to calculate defendant Stoffels's gross income for the years charged in the Information, *i.e.* 2003, 2004, and 2005. RA Smith's final calculation of defendant Stoffels's Total Gross Income for the years 2003, 2004, and 2005 was $72,072.70, $83,282, and $86,231, respectively. [*See* Government's Trial Exhibit 70]. Pursuant to Section 2T1.1(c)(2) Note:(A), the tax loss in this failure to file case "shall be 20% of the gross income." The total gross income established at

trial was $241,585, resulting in a tax loss of $48,317.14.[1]

## Defendant Stoffels Remains Non-Compliant with Federal Tax Rules and Regulations

The Presentence Report reflects that defendant Stoffels is claiming that "Life Enhancement Resources Health Foundation" is now an IRS Section 501(c)(3) charitable tax-exempt organization. [PSR ¶ 77]. It appears defendant Stoffels is making this claim in order to persuade the Court that he has become compliant with federal tax laws. This is simply not the case.

The government is in the process of researching defendant Stoffels's claim and has learned that, in 2007, an application for Section 501(c)(3) status was filed for "Life Enhancement Resources Health Foundation." Based on the application alone, this status was initially granted; however, this is only the beginning of the process for being treated as a Section 501(c)(3) tax-exempt organization. The government has requested this application and believes it will be available at the sentencing hearing.

On such an application, a number of representations must be made that are inconsistent with the defendant's nutritional supplement business. Among other things, the organization must be operating for an exempt purpose, and the

---

[1] While the government had initially intended to present evidence regarding the tax loss for the year 2002, the government has decided not to present evidence regarding this at sentencing because this calculation does not impact the sentencing guideline range or the amount of restitution that the government can recover.

earnings of the organization cannot inure to the benefit of any individual. Significant evidence was presented at trial that defendant Stoffels ran a nutritional supplement business that would not qualify for Section 501(c)(3) status. Additionally, defendant Stoffels's business receipts of over $19,000 per month are spent on "business and personal expenses." [PSR ¶ 77]. This is also in direct conflict with the requirements of Section 501(c)(3) which forbids that the earnings inure to the benefit of defendant Stoffels.

Additionally, a Section 501(c)(3) organization must file an IRS Form 990 tax return each year. "Life Enhancement Resources Health Foundation" has not filed a single Form 990. As a result of failing to file a Form 990 for three years, the initial status designation as a Section 501(c)(3) organization is automatically revoked. Finally, the government notes that in applying for this designation, defendant altered the name of his business from Life Enhancement Resources Health Ministry to "Life Enhancement Resources Health Foundation." The government submits that defendant Stoffels did this because he knew that the IRS was investigating his business, and he hoped the name change would allow his application to be approved without a cross-reference to the ongoing criminal investigation of his business. This ploy appears to have worked.

## SECTION 3553(a) FACTORS

The government recommends that the Court impose a sentence of 27 months imprisonment. This sentence is reasonable in light of the Section 3553

3

factors, which include:

      (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

      (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

      (3) the kinds of sentences available;

      (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

      (5) any pertinent policy statement issued by the Sentencing Commission;

      (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7) the need to provide restitution to any victims of the offense.

First, while the government has established a tax loss of $48,317.14, the government submits that defendant's relevant conduct spans for the entire period of time that he has continuously failed to file income tax returns, *i.e.* 1980-2009. The length of defendant Stoffels's criminal conduct and the necessarily large amount of tax loss that was not factored into his guideline range are aggravating factors that weigh in favor of a sentence at the high end of the guideline range.

These facts reflect the nature and circumstances of the offense and the history and characteristics of the defendant and weigh in favor of the requested sentence.

Additionally, defendant Stoffels has repeatedly demonstrated his total lack of respect for the law during this case. It is plain that no amount of explanation, logic, or reason will persuade defendant Stoffels to obey tax laws in the future. Put simply, defendant Stoffels has made it plain that he will not file lawful tax returns even after his prosecution in this case. A sentence at the high end of the guideline range is likely to be the only message that defendant Stoffels might hear. Perhaps after serving a 27-month sentence defendant Stoffels will be persuaded to obey tax laws even though he does not agree with them, simply to avoid going to prison again. Accordingly, promoting respect for the law and deterring future criminal conduct by this defendant, weigh heavily in favor of the requested 27-month sentence.

The government notes that the probation officer recommends a sentence at the low end of the guideline range, *i.e.* 21 months. However, the probation officer also notes that defendant Stoffels's "intractable beliefs make him likely to reoffend." [PSR at R-3]. This is precisely the reason that a sentence at the low

\\\
\\

end of the guideline range will not achieve the statutory purposes of Section 3553(a).

Respectfully submitted this 1st day of November, 2010,

> JOHN F. WALSH
> United States Attorney
>
> s/ Pegeen D. Rhyne
> PEGEEN D. RHYNE
> TONYA S. ANDREWS
> Assistant United States Attorney
> 1225 Seventeenth Street, Suite 700
> Denver, Colorado 80202
> Telephone: (303) 454-0100
> Facsimile: (303) 454-0409
> E-mail: pegeen.rhyne@usdoj.gov
> E-mail: tonya.andrews@usdoj.gov
> Attorneys for Government

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 1st day of November, 2010, I electronically filed the foregoing **GOVERNMENT'S SENTENCING POSITION** with the Clerk of the Court using the CM/ECF system. I also certify that I have served a copy by the means indicated on the following:

<u>U.S. Mail and Email</u>
Darrell Stoffels
14484 Pine View Road
Larkspur, CO 80118
dgsler@earthlink.net


<u>Email</u>
Probation Officer Caryl Ricca
caryl_ricca@cod.uscourts.gov

                                          s/ Andrea Hough
                                          Office of the United States Attorney